Wilder, J.
The record shows that the original action came into the district court of Knox county by appeal from a decree of the common pleas, directing the sale of certain mortgaged premises. The material issues made by the pleadings were by the denial by the defendant, Alden Allen, the mortgagor, of any indebtedness to the plaintiff, the mortgagee, and by the denial, by the plaintiff, of the allegations contained in the defendant’s counter-claim for damages.
The only controverted question which appears to have been presented to the district court, and by it decided, was on the admissibility of the proof offered by the defendant in support of his counter-claim. The court held that such proof was not admissible, and rejected the counter-claim as not allowable in such action. The error complained of is the rejection of this proof, and the refusal to allow the counter-claim. •
The counter-claim, as pleaded, contained all the allegations necessary to show the defendant entitled to damages for a fraud practiced by the mortgagee on the mortgagor in the sale by the former to the latter of the mortgaged premises, and the proof offered was such as fully to sustain those allegations. The single question before us, therefore, is, whether, in an action by a mortgagee against his mortgagor, for the sale of mortgaged premises, the mortgage being given to secure the payment of the purchase money, the mortgagor is entitled to the benefit of a counter-claim for damages, for fraud practiced by the mortgagee in the sale of the premises by him to the mortgagor.
By section 93 of the code of civil procedure (S. & C. Stat. 978), it is provided that: “ The defendant may set forth in his answer as many grounds of defense, counter-claim, and setoff, as he may have, whether they be such as have been heretofore denominated legal or equitable, or bothand in the following section it is provided, by way of limitation or restriction, that: *148 “ The counter-claim mentioned in the last section must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff’s claim, or connected with the subject of the action.”
It seems to us that in this case the allegations in the answer, and the proof offered in their support, come within the express terms, and also within the spirit of these provisions of the code. The leading object of the statute was, to provide, where the parties were so before the court as that it could well be done, that the rights and claims of the defendant, growing out of a transaction, should be heard and settled in the same suit in which the plaintiff asserted his claims, arising from the same transaction; thus avoiding multiplicity of suits, and sometimes securing better justice between the parties. We see no difficulty in the way that would have prevented the district court from hearing and determining the defendant’s counter-claim; ' and we think they should have heard his proof in support of it. The judgment of the district court is therefore reversed, and the case remanded for further proceedings.
Brinkerhofe, C.J., and Scott, Rannet, and White, JJ., concurred.